**No. 56577.**—Air Clearance Assn., Inc., et al. *v.* United States, protests 176593–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56578.**—E. Behrman & Company, Inc., et al. *v.* United States, protests 177862–K (B), etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56579.**—John Aronian & Co., Inc., et al. *v.* United States, protests 177874–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 56580.**—Delia Failde *v.* United States, petition 6841–R (Tampa).

Opinion by JOHNSON, J. From the evidence it appeared that before filing the entry, the petitioner, who was the broker, endeavored to ascertain through the customs authorities whether or not the invoice value of the motorcycles was the proper value thereof. The petitioner was subsequently informed that the value should be increased, and time was allowed for the amendment of the entry. However, before she was able to locate her principal and obtain the additional amount of money required to cover the duty upon the increased entered value, the time for amendment of the entry had elapsed. On the record presented it was held that there was no intent to defraud the revenue or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.